Slip Op. 12-66

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| STEVE M. CARL,<br><br>                              Plaintiff,<br><br>        v.<br><br>UNITED STATES SECRETARY<br>OF AGRICULTURE,<br><br>                              Defendant. | Before: Leo M. Gordon, Judge<br><br>Court No. 11-00271 |

## MEMORANDUM and ORDER

[Motion to dismiss for lack of subject matter jurisdiction denied; motion to dismiss for failure to state a claim upon which relief may be granted converted to motion for judgment on the agency record.]

Dated: May 24, 2012

Steve M. Carl, Pro Se, of Georgetown, SC.  With him on the brief was Steve D. Schwinn, The John Marshall Law School, of Chicago, Illinois.

Antonia R. Soares, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, of Washington, DC.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Claudia Burke, Assistant Director.  Of counsel on the brief was Jeffrey Kahn, Office of the General Counsel, U.S. Department of Agriculture, of Washington, D.C.

Gordon, Judge:  Plaintiff commenced this action on July 18, 2011, to contest the

United States Department of Agriculture's ("USDA") denial of Plaintiff's application for

Fiscal Year 2010 benefits under the Trade Adjustment Assistance ("TAA") for Farmers

Program, Section 296 of the Trade Act of 1974, as amended, 19 U.S.C. § 2401e

(2006).[1]  Jurisdiction is predicated on 28 U.S.C. § 1581(d)(4) (2006).  Defendant moves

to dismiss pursuant to USCIT Rule 12(b)(1) for lack of subject matter jurisdiction,

contending that Plaintiff failed to timely commence its action "within sixty days after

notice" of the denial.  19 U.S.C. § 2395; see also Kelley v. Dept. of Labor, 812 F.2d

1378, 1380 (Fed. Cir. 1987) (holding sixty-day period is jurisdictional); Conlin

Greenhouses v. U.S. Secretary of Agriculture, 32 CIT 467 (2008) (dismissing TAA

action not filed within sixty days for lack of jurisdiction).  Defendant has also moved

pursuant to USCIT Rule 12(b)(5) to dismiss Plaintiff's complaint for failure to state a

claim upon which relief may be granted.  For the reasons set forth below, Defendant's

motions are denied.

## I. Discussion

Plaintiff carries "the burden of demonstrating that jurisdiction exists."

Techsnabexport, Ltd. v. United States, 16 CIT 420, 422, 795 F. Supp. 428, 432 (1992)

(citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)).  In deciding

a USCIT Rule 12(b)(1) motion to dismiss that does not challenge the factual basis for

the complainant's allegations, and when deciding a USCIT Rule 12(b)(5) motion to

dismiss for failure to state a claim upon which relief may be granted, the court assumes

all factual allegations to be true and draws all reasonable inferences in plaintiff's favor.

See Cedars–Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583–84 & n.13 (Fed. Cir. 1993);

Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995) (subject matter jurisdiction);

---

[1] Further citations to the Trade Act of 1974, as amended, are to the relevant provision of
Title 19 of the U.S. Code, 2006 edition.

Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (failure to state a

claim).

### A. Subject Matter Jurisdiction

The statute provides that an action challenging the denial of TAA benefits must

be commenced "within sixty days after notice" of the denial.  19 U.S.C. § 2395.  The

sixty-day period is jurisdictional.  Kelley, 812 F.2d at 1380.  As such, the court's 5-day

service-by-mail extension, USCIT R. 6(d), does not apply.  See generally, 4B Charles

Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Prac. &

Proc. § 1171 (3d ed. 2012) ("the [service-by-mail extension] has been held not to extend

the time permitted for obtaining review of administrative decisions when the decision

has been mailed, on the theory that the statutory time elements for review are

mandatory and jurisdictional.").

USDA notified Plaintiff of the denial of benefits in a letter dated May 13, 2011,

which also informed Plaintiff of his right to request judicial review:

> You may request judicial review of this determination within sixty
> (60) days of this letter by submitting a request for judicial review via
> certified mail (return receipt requested) to Clerk's Office, U.S. Court
> of International Trade, One Federal Plaza, New York, New York 10278-0001.
> The Office of the Clerk can provide instructions for requesting a judicial
> review and may be reached at (212) 264-2800.  You can also visit the
> Court's website . . . for more information.

Compl. Ex. USDA denial letter (May 13, 2011) ("TAA Denial").  There is nothing in the

record indicating when USDA mailed the denial letter to Plaintiff.  Plaintiff avers in its

amended complaint that it received the letter sometime after May 19, 2011.  To

commence this action Plaintiff mailed a letter to the court dated July 12, 2012, but not

via certified mail (return receipt requested).  That omission caused Plaintiff's letter to be

deemed filed when received on July 18, 2011.  See USCIT R. 5(d)(4).  Had it been sent

via certified mail (return receipt requested) on July 12, 2011, Plaintiff's letter would have

been deemed filed when mailed.  Id.

| Event | Date | 60-Day Deadline |
|---|---|---|
| Letter | May 13, 2011 | July 12, 2011 |
| Mailing | ? | ? |
| Receipt | May 19, 2012 | July 18, 2011 |

As the table indicates, Plaintiff's July 18th filing is untimely if measured from the

date of the letter, but timely if measured from date of receipt.  To identify the appropriate

trigger for the 60-day period, the court begins with the Federal Circuit's decision in

Kelley.  In Kelley the Federal Circuit addressed the notice requirement of 19 U.S.C. §

2395 when reviewing a TAA decision by the U.S. Department of Labor ("Labor").  Labor

had promulgated a regulation that triggered the 60-day period with publication of its TAA

determination in the Federal Register.   See 29 C.F.R. § 90.19.   That regulation

authorizes Labor to provide constructive notice of its decisions via the Federal Register

to the group of workers (three or more) that had applied for TAA.  The trial court

determined that the constructive notice provision was reasonable, but invalidated the

regulation as applied to pro se TAA applicants because the court was concerned about

the unfairness of requiring them to comb through the Federal Register when the agency

had demonstrated that it was not honoring the deadlines for decision-making.  Kelley v.

U.S. Dept. of Labor, 9 CIT 646, 648, 626 F. Supp. 398, 400 (1986) ("Congress could not

have intended a pro se party to constantly search the Federal Register for the final

determination of the Secretary of Labor for months beyond the sixty days within which

such determination is due under the statute.").

　　　　The Federal Circuit reversed:

> 　　　　There is no hint in the Trade Act that actual notice is necessary to
> start the sixty-day limitation period, and utilization of notice in the Federal
> Register as the triggering event is consistent with the language and
> structure of the Act. . . .
>
> 　　　　Here, the trial court acknowledged that the Secretary's
> interpretation of section 2395(a) is reasonable, but made an exception for
> <u>pro se</u> litigants. . . . [T]he lack of specificity in the statute with respect to
> the notice requirement does not evidence that Congress intended the
> result the court reached.  Nor does it open the way for the court to
> overturn the Secretary's regulation as unreasonable.  The <u>pro se</u> status of
> appellants does not remove them from the general rule on constructive
> notice, 29 C.F.R. § 90.19(a).

<u>Kelley</u>, 812 F. 2d at 1380.  A couple of important lessons emerge from this decision:

First, the TAA notice provision lacks specificity about the type and manner of notice

required, meaning that Congress left gaps for the agencies to fill, and second, Labor's

gap-filling regulation establishing constructive notice via the Federal Register was

reasonable.  In this case the first is instructive (although USDA has never rendered a

thorough interpretation of the notice provision); the second is irrelevant, at least for

USDA, which does not have procedures for providing constructive notice to applicants.

　　　Without a constructive notice mechanism, USDA must provide actual notice to

the applicant.  USDA, however, seems unsure of its own processes, suggesting that

<u>Kelley</u> relieves USDA of the burden of providing actual notice.  <u>See</u> Def.'s Reply in Supp.

of Mot. to Dismiss at 4, ECF No. 24 (Mar. 22, 2012).  This suggestion is puzzling,

however, because USDA has no alternative to actual notice (as Labor does with its

publication in the Federal Register).  At present there is no means for USDA to provide,

or TAA applicants to receive, constructive notice of a denial of benefits.  Therefore,

actual notice it is.

The critical issue here does not turn on constructive vs. actual notice, but instead

on what triggers the 60-day period.   When does it begin to run for USDA TAA

applicants?  Unlike Labor's regulation, which has a clear trigger for the 60-day period—

the notice publication date in the Federal Register—USDA's regulation says nothing

about the 60-day period, simply referencing the Court's Rules: "Any producer aggrieved

by a final agency determination under this part may appeal to the U.S. Court of

International Trade for a review of such determination in accordance with its rules and

procedures."  7 C.F.R. § 1580.506.

As explained above, USDA notified Plaintiff of the denial of benefits in a letter

dated May 13, 2011, which also notified Plaintiff that he may request judicial review

"within sixty (60) days of this letter . . . ."  Compl. Ex. USDA denial letter (May 13, 2011)

("TAA Denial").   The phrase—"of this letter"—represents a slight change for USDA,

which previously advised applicants of their right to seek judicial review within 60 days

"'from the date of this letter.'"   Conlin, 32 CIT at 467, n.2 (quoting TAA denial letter)

(emphasis added); Alaniz v. U.S. Secretary of Agriculture, 30 CIT 1782, 1785 (2006)

(quoting TAA denial letter) (emphasis added).  More important than USDA's change of

language is its somewhat jarring change in litigating position from Conlin to the present

case.  In Conlin, USDA specifically argued, and the court acknowledged, that the 60-

day trigger is applicant's receipt of notice.  Conlin, 32 CIT at 467, n.2.  Plaintiff in Conlin

proffered the denial letter, dated September 7, 2006, as well as its envelope, which was

postmarked October 2, 2006.  Plaintiff also alleged it was received on October 3, 2006.

Despite clear language in its denial letter, USDA did not argue that September 7, 2006,

triggered the 60-day period in which to seek judicial review.   Avoiding that difficult

position (with the agency's delay in mailing effectively cutting applicant's 60-day period

in half), USDA instead argued that applicant's receipt of the notice on October 3, 2006,

triggered the 60-day period:

> [A]ny challenge to the USDA's determination must be brought within 60
> days of receiving notice of that determination. 19 U.S.C. § 2395(a).  In this
> case, Conlin admits it received notice of USDA's denial of its petition on
> October 3, 2006.  Pl. Br. 6.

Br. in Supp. of Def.'s Mot. to Dismiss and Resp. to Pls.' Mot. for J. upon the Agency R.

at 5, Conlin, Court No. 06-00441 (CIT Feb. 14, 2008), ECF No. 27 (emphasis added).

The Conlin court noted, consistent with what USDA argued, that October 3rd, not

September 7th, triggered the sixty-day period.  Conlin 32 CIT at 467, n.2 (quoting TAA

denial letter and 19 U.S.C. § 2395(a)).

Plaintiff wishes to take Conlin one step further, arguing that "The plain language

[of the statute] means that a denied applicant has sixty days from the date the applicant

receives actual notice of the denial from the [USDA], usually in the form of a letter."

Pl.'s Resp. to Def.'s Mot. to Dismiss at 4, ECF No. 17.  This goes too far.  As Kelley

held, Congress was not that specific about the manner and type of notice the agencies

must provide.  See  Kelley, 812 F. 2d at 1380; cf. 42 U.S.C. § 2000e-16(c) ("Within

ninety days of receipt of notice of final action . . . an employee or applicant . . . may file

a civil action as provided in section 2000e-5 of this title . . . .") (emphasis added); 26

U.S.C. § 6320(a)(2)(C) (requiring notice to be "sent by certified or registered mail").

As explained above, <u>Kelley</u> clarifies that the agencies administering the TAA

program have a measure of gap-filling discretion to define the type and manner of

notice provided to applicants.  Along with that discretion comes the flexibility to change

position.  In this action USDA has changed its litigating position, now asserting that the

date of the letter triggers an applicant's 60-day period to seek judicial review.  Counsel

for USDA explains a number of advantages to using the letter date as the trigger, albeit

through post hoc rationalizations not provided in USDA's otherwise unadorned

application of 19 U.S.C. § 2395.  According to counsel, the date of the letter is fixed by

objective and visible standards, is easy to determine, is ascertainable by both parties,

and is easily applied.  Def.'s Reply in Supp. of Mot. to Dismiss at 5-6.  Most of this is

true, but ease of application depends on whether the notice was mailed

contemporaneously with the date of the letter, as well as when the applicant received

the letter.  As the facts of <u>Conlin</u> demonstrate, the letter date may prove arbitrary (as

applied) by significantly truncating an applicant's 60-day period, an occurrence in <u>Conlin</u>

that prompted even USDA to acknowledge that receipt date was proper, at least in that

instance.

The date of the letter is a suitable starting point for analyzing the sixty-day

deadline, but it does not establish, as USDA envisions, a conclusive trigger for the sixty-

day period.  In most cases it may resolve the issue of whether suit was timely

commenced, but an applicant may nevertheless allege that the date of the letter (as

applied) arbitrarily truncates the applicant's sixty-day period, either because the notice was not mailed contemporaneously with the date of the letter (Conlin), or the applicant received the notice on a date beyond what would otherwise be a reasonable time for mailing.  The onus, however, is on the applicant to make the allegation, and if necessary (e.g., defendant challenges the allegation), proffer and prove the date of mailing (via the envelope's postmark), receipt (via affidavit or testimony), or both, like the applicant in Conlin.

USDA, of course, enjoys a general presumption of regularity that official duty has been performed.  See Butler v. Principi, 244 F.3d 1337, 1340 (Fed. Cir. 2001) ("the doctrine presumes that public officers have properly discharged their official duties."). This "assumption" allocates to plaintiff the burden of proof on the issue of whether USDA performed its official duty by mailing the notice contemporaneously with its date. Cf. 21 B Charles A. Wright & Kenneth W. Graham, Jr., Federal Prac. & Proc. Evid. § 5124 (2d ed. 2008) ("Rule 301 does not apply to 'assumptions'—rules for allocating the burden of proof that are often mislabeled as 'presumptions.' ... the best known include: ... the 'assumption' that official duty has been regularly performed.").  Nothing on the record in this case indicates when USDA mailed the denial letter to Plaintiff, although Plaintiff has averred that it received the letter sometime after May 19, 2011. This is uncontroverted.  Defendant's 12(b)(1) motion assumes that the date of the letter conclusively triggers the 60-day period, making the date of receipt irrelevant.  As explained above, however, the letter's date only presumptively triggers the 60-day period.

Given that Defendant's 12(b)(1) motion to dismiss does not controvert Plaintiff's allegation of receipt, the court must assume that factual allegation to be true.  See Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993) ("If a Rule 12(b)(1) motion simply challenges the court's subject matter jurisdiction based on the sufficiency of the pleading's allegations—that is, the movant presents a 'facial' attack on the pleading—then those allegations are taken as true and construed in a light most favorable to the complainant.").  Plaintiff received the May 13th denial letter sometime after May 19th, which is at least a six-day lag.  Is a six-day lag an unreasonable time for mailing?  The court believes that it is.  The Rules of the Court of International Trade assume mailing takes five days.  USCIT Rule 6(d).[2]  That five-day period is a helpful benchmark to determine how long is too long for the agency's mailings, at least as far as evaluating an appropriate trigger for the 60-day period.  Recall that the court's five-day extension-by-mail rule does not apply to the 60-day jurisdictional time period.  The net effect is that the letter date will always shortchange an applicant some period of time while USDA's denial letter is in the mail.  This is permissible, up to a point.  The facts of this case identify that point.  The six-day lag between the date of the letter and Plaintiff's receipt represents ten percent of Plaintiff's 60-day period in which to seek judicial review.  The court believes this is too much erosion for the letter date to be an appropriate trigger in this case.  With the date of mailing unknown, the other option is Plaintiff's date of receipt of the notice, which stands

---

[2] This five-day period is generous when compared with the 3-day rule that applies to litigation in Federal District Courts.  See Fed. R. Civ. P. 6(d).

uncontroverted as May 19, 2011.  Using that measure, Plaintiff timely filed its suit within

60 days.  The court will therefore deny Defendant's Rule 12(b)(1) motion to dismiss.

The letter date may well resolve most issues involving the timely commencement

of suit, especially when USDA mails the notice contemporaneously with its date, and

the notice is received within five days.  The hope though is that as USDA eventually

moves toward electronic notice, the issues of mailing, delay, and receipt will prove to be,

with this opinion, quaint relics of a simpler time.

### B. Motion to Dismiss Pursuant to USCIT R. 12(b)(5)

Together with its USCIT Rule 12(b)(1) motion, Defendant also filed a motion to

dismiss Plaintiff's complaint pursuant to USCIT Rule 12(b)(5) for failure to state a claim

upon which relief may be granted.  Defendant's memorandum in support of its Rule

12(b)(5) motion, Plaintiff's response, and Defendant's reply each focus heavily on the

merits of Plaintiff's TAA application.  Plaintiff, though, has only had one brief to the

government's two.  The court would like to hear further from Plaintiff on the merits of its

claim and accordingly, will convert Defendant's motion to dismiss pursuant to USCIT

Rule 12(b)(5) to a motion for judgment on the agency record pursuant to USCIT Rule

56.1.  See, e.g., Nguyen v. U.S. Secretary of Agriculture, 31 CIT 187, 187, 471 F. Supp.

2d 1350, 1350-51 (2007) ("Pursuant to its discretion under USCIT R. 12(b), the court

has converted Defendant's motion to dismiss for failure to state a claim upon which

relief can be granted to a motion for judgment on the agency record pursuant to USCIT

R. 56.1").

## II. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1) is denied; it is further

**ORDERED** that Defendant's motion to dismiss pursuant to USCIT Rule 12(b)(5) is converted to a motion for judgment on the agency record pursuant to USCIT Rule 56.1; and it is further

**ORDERED** that the court will schedule a conference with the parties to discuss the further disposition of this action.

/s/ Leo M. Gordon

Judge Leo M. Gordon

Dated: May 24, 2012
       New York, New York